**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY A. DUNCAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-00120-NCC |
| | ) | |
| GREGORY HANCOCK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Petitioner Timothy A. Duncan, a self-represented prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), two motions for leave to proceed *in forma pauperis* (ECF Nos. 2; 4), and a motion for appointment of counsel (ECF No. 3). Before the Court can consider the merits of the petition, it first addresses a defect in Duncan's *in forma pauperis* motions.

### I.    Filing Fee

Rule 3(a) of the Rules Governing Section 2254 Cases requires a petitioner to either pay "the applicable filing fee" or submit a motion for leave to proceed *in forma pauperis* supported by "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer . . . showing the amount of money or securities that the petitioner has in any account in the institution." Although Duncan filed two motions and an affidavit (ECF Nos. 2, 4), he did not include the required institutional certificate. When a petitioner provides an incomplete financial picture, the Court cannot determine whether the petitioner qualifies for *in forma pauperis* status. *See Hobson v. Schmitt*, No. 4:23-cv-00781-SRC, 2023 WL 4234550, at *3 (E.D. Mo. June 28, 2023). Therefore, the Court denies Duncan's motions to proceed *in forma pauperis* without

prejudice. To pursue this action, Duncan must either (1) pay the $5 filing fee, or (2) file a renewed motion to proceed *in forma pauperis* on the enclosed form, including the required institutional certificate.

## II. Appointment of Counsel

Duncan also filed a motion for appointment of counsel (ECF No. 3). In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Until Duncan either pays the filing fee or properly obtains *in forma pauperis* status, the Court cannot assess the merits of his petition or determine whether the litigation would benefit from the assistance of counsel. Therefore, the Court denies, without prejudice, Duncan's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Duncan's motions to proceed *in forma pauperis* (ECF Nos. 2, 4) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Duncan must, no later than **April 17, 2026**, either (1) pay the $5 filing fee or (2) file a renewed motion to proceed *in forma pauperis* on the enclosed form that includes the required institutional certificate.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Duncan a copy of the Court's standard motion to proceed *in forma pauperis* in habeas cases.

**IT IS FURTHER ORDERED** that Duncan's motion for appointment of counsel (ECF No. 3) is **DENIED** without prejudice.

Duncan's failure to comply with this order may result in the dismissal of this action without prejudice and without further notice.

Dated this 27th day of March, 2026.

       /s/ Noelle C. Collins
       NOELLE C. COLLINS
       UNITED STATES MAGISTRATE JUDGE